**UNITED STATES of America, Plaintiff,**

v.

**UPTON, INC., et al., Defendants.**

**Civ. No. 74–1028.**

United States District Court,
D. South Dakota.

Feb. 26, 1976.

William F. Clayton, U. S. Dist. Atty., and Robert D. Hiaring and Peter J. Horner, Asst. U. S. Attys., Sioux Falls, S. D., for plaintiff.

Vincent Protsch, of Mumford, Protsch, Sage & Pardy, Howard, S. D., and Steven A. Carter, Sioux City, Iowa, for defendant Stan Sherman.

Dale E. Bradshaw, Watertown, S. D., for defendants Upton, Inc., Rodney A. Upton II, and Janet T. Upton.

Harvey C. Jewett, of Siegel, Barnett, Schutz, O'Keefe & Ogborn, Aberdeen, S. D., for defendant Peter Peterson.

James R. Delaney, Day County State's Atty., Webster, S. D., for defendant Day County.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This action comes before the Court on a motion for summary judgment by the Plaintiff. Defendant Stan Sherman, d/b/a Sherman Produce Co. (hereinafter Sherman) has filed what may be titled as a resistance to Plaintiff's motion for summary judgment. Defendant Sherman has also moved for summary judgment.[1] No other Defendants have appeared in opposition to Plaintiff's motion. Defendant Peter Peterson, d/b/a Peterson & Hay Plumbing, Heating and Electrical (hereinafter Peterson) has appeared in opposition to Defendant Sherman's motion for summary judgment on a cross-claim against Peterson.[2]

A proper understanding of this motion requires a review of the underlying facts of this case. Defendant Upton, Inc. (hereinafter Upton) is a corporation organized under the laws of South Dakota. Defendants Rodney Upton (hereinafter Rodney) and Janet Upton (hereinafter Janet) are President and Secretary of Upton respectively. On January 23, 1973, Upton executed a written promissory note in the principal amount of $90,000.00. The note was signed by Rodney and Janet in their capacities as corporate officers and the corporate seal of Upton was affixed thereto. To secure payment of the note, Upton executed a mortgage whereby it mortgaged the following described real property:

Lots eight (8), nine (9), and ten (10), Block three (3), Original Plat, City of Webster, South Dakota.

Lot three (3), Block nine (9), Original Plat, City of Webster, South Dakota.

The note and mortgage were delivered to Security Bank & Trust Co. (hereinafter Bank). The mortgage was filed for record in the Office of the Register of Deeds, Day County, South Dakota, on January 25, 1973.

Contemporaneously with the above transactions and for the purpose of securing payment of the above note, Upton executed and delivered a Security Agreement to the Bank covering the following described collateral:

All inventory of every kind whatsoever, whether now owned or hereafter acquired, and all machinery, equipment, furniture and fixtures, whatsoever, whether now owned or hereafter acquired.

Located: Lots, 8, 9, & 10, Block 3 and Lot 3, Block 9, Webster, South Dakota.

The Security Agreement does not bear the name of Upton as debtor and was signed by Rodney and Janet without disclosing on the face of the Agreement their corporate capacities as corporate officers.[3] The corporate seal of Upton was affixed to the Agreement. Two financing statements were prepared in order to perfect the security interest. Each bore the name of Upton as debtor and signed by Rodney and Janet. The financing statements were filed with the Register of Deeds, Day County, South Dakota, and the Office of the Secretary of State on January 25, 1973. Prior to execution of the above documents on January 23, 1973, a Resolution of the Board of Directors of Upton was presented to the Bank specifi-

---

1. Defendant Sherman has counterclaimed against the Plaintiff alleging that it has a security interest in certain property which constitutes a superior and prior lien. The basis of Sherman's counterclaim is a judgment which it obtained against Upton in state court on July 12, 1973, in the amount of $48,508.04. To perfect this judgment lien Sherman allegedly filed a financing statement with the Office of the Secretary of State and the Day County Register of Deeds covering the following described property:

All inventory of every kind, nature and description whatsoever, whether now owned or hereafter acquired and all machinery, equipment, fixtures and furniture whatsoever,

whether now owned or hereafter acquired together with all accounts receivable, contract rights and proceeds now owned or hereafter acquired, together with all chattle (sic) paper now owned or hereafter acquired.

2. The purpose of the crossclaims is to have the above interest of Sherman declared superior and prior to all other liens held by Defendants.

3. Defendant Sherman has focused upon this circumstance as the primary reason why Plaintiff's motion for summary judgment should be denied.

cally providing that Rodney and Janet as President and Secretary/Treasurer respectively were authorized to execute a promissory note in the principal amount of $90,000.00 to the Bank.

The mortgage was assigned to the Small Business Administration on October 16, 1974, and filed for record in the Office of the Register of Deeds, Day County, South Dakota, on November 15, 1974. The Security Agreement and financing statements were assigned to the Small Business Administration on October 16, 1974, and filed for record in the Office of the Register of Deeds, Day County, South Dakota, on October 16, 1974, and the Office of the Secretary of State on October 17, 1974.

To further secure the loan made by the Bank to Upton, Rodney and Janet executed a guaranty on January 23, 1973. The guarantee was assigned by the Bank to the Small Business Administration on October 24, 1974.

It has been stipulated by and between the Plaintiff and all the Defendants that the respective interests of the parties may be foreclosed by the sale of the real and personal property of Upton. Pursuant to these stipulations, the property was sold at public auction on December 3, 1975, and an Order confirming the sale was entered on February 9, 1976.

Certain parts of the prayer for relief contained in Plaintiff's motion for summary judgment do not warrant discussion. With respect to the following, the Court finds pursuant to Fed.R.Civ.P. 56(c) that there is no genuine issue as to any material fact and that the Plaintiff is entitled to judgment as a matter of law:

Plaintiff shall have judgment against Defendants Upton, Inc., Rodney A. Upton II, and Janet T. Upton for the principal sum of $80,382.78 and interest in the amount of $1,155.78 accrued through December 5, 1974, with interest thereafter at a daily rate of $14.0948 to the date of judgment.

The above described real and personal property of Upton, Inc., having been sold pursuant to stipulation entered into by the Plaintiff and Defendants Upton, Inc., Rodney A. Upton, and Janet T. Upton wherein foreclosure and sale was authorized, foreclosure and sale shall be without the right of redemption to the Defendants.

Plaintiff shall have judgment against Defendants Upton, Inc., Rodney A. Upton II, and Janet T. Upton, jointly and severally, for any deficiency remaining after applying the proceeds of the sale to the indebtedness owed Plaintiff.

Defendant, Day County, South Dakota, holds a superior lien for personal and real property taxes upon the described property, exclusive of interest and penalty, in the amount of $4,556.96, which amount shall be first paid from the proceeds of sale.

The mortgage of the Plaintiff with reference to Lot three (3), Block nine (9), Original Plat of the City of Webster, South Dakota, shall be a prior lien and superior to all other lien holders in this action excepting Defendant Day County, South Dakota.

The mortgage of the Plaintiff with reference to Lots eight (8), nine (9), and ten (10), Block three (3), Original Plat of the City of Webster, South Dakota, shall be superior and prior to all other lien holders in this action excepting the mechanic's lien of Defendant Peter Peterson, d/b/a Peterson & Hay Plumbing, Heating & Electrical.

The only remaining issue with reference to Plaintiff's motion for summary judgment is a determination of the interests of the respective parties to the proceeds of the sale of the property described in the Security Agreement. Defendant Sherman resists Plaintiff's motion for summary judgment with respect to this issue. The essence of Sherman's resistance is that Upton never executed any Security Agreement with the Bank as secured party. The assignee of the Security Agreement therefore is not a secured party and not entitled to summary judgment.

To support this allegation Sherman relies upon the fact that when Rodney and Janet

Upton signed the Security Agreement, the name of Upton, Inc., does not appear on the Agreement and the signatures of Rodney and Janet do not reflect that they signed in their representative capacities as officers of Upton, Inc. Defendant Sherman has not presented any probative evidence by affidavit or otherwise to support its resistance.

The evidence contrary to Sherman's position is overwhelming. Every document executed contemporaneously with the Security Agreement carries the name of Upton, Inc., as the debtor. At the time the Security Agreement was executed, the collateral was located on property owned by Upton, Inc. Defendants Upton, Inc., Rodney A. Upton II, and Janet T. Upton admitted that the Security Agreement was executed by Upton, Inc. Plaintiff has filed the affidavit of R. H. Garry, President of the Security Bank and Trust Company, Webster, South Dakota, wherein he states that the Security Agreement was executed by Upton, Inc., and signed by Rodney and Janet Upton. The corporate seal of Upton, Inc., was affixed to the Security Agreement on the day the Agreement was executed. The Court finds that there is no genuine issue as to any material fact and that the Plaintiff is entitled to judgment as a matter of law. The security interest of the Plaintiff arising from its Security Agreement upon the personal property as described in said Security Agreement shall be a prior and superior lien upon the property as to all other lien holders herein.

The motion for summary judgment by Defendant Sherman on its counterclaim and crossclaims is in all respects denied. Defendant Sherman's motion for sanctions is in all respects denied as being unsubstantiated and totally devoid of merit. Plaintiff's motion for summary judgment on the issue of attorney's fees is denied.